IN THE DISTRICT COURT IN AND FOR
THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| JOHN BURKE, | ) |
| | ) |
|      Plaintiff, | ) |
| | ) |
| vs. | ) Case No. |
| | ) |
| HAUGHEY, PHILPOT, AND LAURENT, P.A. | ) |
| & | ) |
| BANK OF AMERICA, NA | ) |
| | ) |
|      Defendants. | ) |
| | ) |

## **PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

### NATURE OF ACTION

1.     This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.; the New Hampshire Unfair, Deceptive or Unreasonable Collection Practices Act ("UDUCPA"), NH RSA 358-C, and  Regulation Of Business Practices For Consumer Protection, NH RSA 358-A.

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and/or where Defendant is located in this district.

### PARTIES

4.     Plaintiff, John Burke ("Plaintiff"), is a natural person who at all relevant times resided in the State of New Hampshire, County of Rockingham.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.H. Rev. Stat. § 358-C:1(I) and "debtor" as defined by N.H. Rev. Stat. § 358-C:1(VII).

6.      Defendant, Haughey, Philpot, & Laurent, PA ("HPL") is an entity who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and as a result of a "consumer transaction" as defined by N.H. Rev. Stat. § 358-C:1(III).

7.      Defendant HPL is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and N.H. Rev. Stat. § 358-C:1(VIII), and "person" as defined by N.H. Rev. Stat. § 358-C:1(X).

8.      Defendant, Bank of America, NA ("BANA") is an entity who at all relevant times was engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5), and as a result of a "consumer transaction" as defined by N.H. Rev. Stat. § 358-C:1(III).

9.      Defendant BANA is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and N.H. Rev. Stat. § 358-C:1(VIII), and "person" as defined by N.H. Rev. Stat. § 358-C:1(X).

## FACTUAL ALLEGATIONS

10.      Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant HPL, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

12.      Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed were originally due to a creditor other than Defendant BANA, and arises from a transaction in

which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

13.     Defendant BANA obtained the right to collect the debt when it was in default.

14.     Defendant BANA uses instrumentalities of interstate commerce and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

15.     Defendant HPL uses instrumentalities of interstate commerce and regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

16.     Defendants are attempting to collect a debt referenced as loan number 82229384 (the "debt").

17.     Defendants had actual or constructive knowledge that Plaintiff was represented by the undersigned Attorney John F. Skinner, III with regard to such debt as early as March 13, 2012.

18.     Defendants had actual or constructive knowledge that Plaintiff was represented by the undersigned Attorney John F. Skinner, III with regard to such debt no later than April 19, 2012.

19.     Despite such knowledge, Defendant BANA continued to repeatedly contact Plaintiff directly.

20.     Undersigned counsel on more than once occasion notified BANA's agent "Gary Larson" to direct all further communication to counsel.

21.     BANA's agent Gary Larson continued to telephone and mail Plaintiff directly even after direct notification by Atty. John F. Skinner, III that all communication should be directed to counsel. See Exhibit A Attached.

22.     Defendants HPL contacted Plaintiff directly on December 6, 2012. See Exhibit B Attached.

23.     Defendants HPL failed to notify Plaintiff's counsel when they contacted plaintiff on December 26, 2012.

24.     Even though the 12/26/12 Notice was required by Statute, counsel should have been copied on such correspondence.

25.     Defendants HPL did not provide to the Plaintiff the notices required by 15 USC 1692g.

26.     Defendants BANA did not provide to the Plaintiff the notices required by 15 USC 1692g.

27.     Defendants BANA did not provide to the Plaintiff the notice required by 15 USC 1692e(11).

28.     Plaintiff disputed the alleged debt, in writing, on or about 12/28/2013. See Exhibit C Attached.

29.     Plaintiff notified Defendant HPL of the ongoing modification efforts and on or about December 28, 2012, requested postponement or cancellation of the foreclosure scheduled for January 29, 2013. Exhibit C.

30.     Defendant HPL did not "cease collection of the debt" until they obtained and provided verification of the debt.

31.     As of the date of filing, Defendant HPL did not halt or postpone the foreclosure auction.

32.     As of the date of filing, Defendant HPL has not provided validation in response to the 12/28/12 letter.

### COUNT I
### VIOLATION OF 15 U.S.C. § 1692c(a)(2)

33.     Plaintiff repeats and re-alleges each and every factual allegation above.

34.     Defendants had knowledge that Plaintiff was represented by counsel.

35.     Defendants contacted Plaintiff directly in violation of 15 USC §1692c. See Exhibits A & B.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Adjudging that Defendants violated 15 U.S.C. § 1692c(a)(2);

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)      Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)      Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)      Awarding such other and further relief as the Court may deem just and proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692e
### [BANA ONLY]

36.     Plaintiff repeats and re-alleges each and every factual allegation above.

37.     Defendant made several false or misleading statements in connection with the collection of this debt.

38.     In connection with the collection of this debt, Defendant repeatedly sought to obtain workout or resolution of the debt, yet continued in foreclosure efforts.

39.     In connection with the collection of this debt, Defendant repeatedly stated it had not received, or needed paperwork, when it had already received the same paperwork.

40.     Defendant BANA therefore continued on a course of false and misleading representation for several months ultimately culminating in an attempted foreclosure auction in connection with the collection of the debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Adjudging that Defendants violated 15 U.S.C. § 1692e;

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)      Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)      Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)      Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(5)**
**[BANA ONLY]**

41.     Plaintiff repeats and re-alleges each and every factual allegation above.

42.     The Defendant persisted with threats of foreclosure even as they solicited workout resolution.

43.     Therefore, the defendant either did NOT intend to consummate workout resolution, OR they did not intend to foreclose.

44.     THUS, the defendant made threatened to take action that was "not intended to be taken" in violation of 15 USC §1692e(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)     Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

   b)     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

   c)     Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

   d)     Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

   e)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

   f)     Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692e(10)
## [BANA ONLY]

45.     Plaintiff repeats and re-alleges each and every factual allegation above.

46.     The Defendant persisted with threats of foreclosure even as they solicited workout resolution and information from the plaintiff.

47.     Therefore, the defendant either did NOT intend to consummate workout resolution, OR they did not intend to foreclose.

48.     THUS, the defendant used false representation, or deceptive means, to attempt to collect the debt and obtain information concerning the plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a)     Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

   b)     Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the

amount of $1,000.00;

c)      Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)      Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)      Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and,

f)      Awarding such other and further relief as the Court may deem just and proper.

**COUNT V**
**VIOLATION OF 15 U.S.C. § 1692e(11)**
**[BANA ONLY]**

49.     Plaintiff repeats and re-alleges each and every factual allegation above.

50.     The FDCPA requires that communications contain a disclaimer that the

communication is from a debt collector.

51.     Defendant BANA failed to provide such disclaimer in violation of 15 USC

§1692e(11).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the

amount of $1,000.00;

c)      Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)      Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)      Awarding Plaintiff any pre-judgment and post-judgment interest as may be

allowed under the law; and,

f)      Awarding such other and further relief as the Court may deem just and proper.

**COUNT VI**
**VIOLATION OF 15 U.S.C. § 1692f**

52.     Plaintiff repeats and re-alleges each and every factual allegation above.

53.     A debt collector may not use any unfair means to collect or attempt to collect any debt. 15 USC § 1692f.

54.     Defendant BANA unfairly strung the Plaintiff along promising workout resolution, unfairly contacted him directly even though known to be represented by counsel, and unfairly persisted in foreclosure plans despite knowledge of the workout negotiations.

55.     Defendant HPL was complicit in the duplicitous workout/foreclosure scheme.

56.     Defendant HPL acted with the Assent, for the Benefit of and under the Control of defendant BANA while furthering foreclosure efforts in the midst of workout resolution and refusing to cancel or postpone the foreclosure sale.

57.     Therefore, the defendants treated the Plaintiff unfairly in connection with he collection of the debt in violation of 15 USC §1692f.


WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Adjudging that Defendants violated 15 U.S.C. § 1692f;

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)      Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)      Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)      Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)      Awarding such other and further relief as the Court may deem just and proper.

**COUNT VII**
**VIOLATION OF 15 U.S.C. § 1692f(6)**

58.    Plaintiff repeats and re-alleges each and every factual allegation above.

59.    It is unlawful to threaten to take any nonjudicial action to effect dispossession of property if there is no present intention to take possession of the property. 15 USC §1692f(6).

60.    Defendants BANA in conjunction with HPL threatened to disposes the plaintiff from his property by way of foreclosure auction while at the same time expressing an intent to not take possession of the property by way of modification.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendants violated 15 U.S.C. § 1692f(6);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e)    Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

f)    Awarding such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**VIOLATION OF N.H. REV. STAT. § 358-C:3(V)**

61.    Plaintiff repeats and re-alleges each and every factual allegation above.

62.    Defendants BANA and HPL violated N.H. Rev. Stat. § 358-C:3(V) by communicating directly with the debtor Plaintiff after notification from an attorney that all further communication relative to the debt should be addressed to the attorney.

63.    Defendants HPL had actual and/or constructive knowledge that all

communication regarding the debt should be directed to the undersigned counsel.

64.     Defendants HPL acted with the Assent of Defendants BANA, for their Benefit, and subject to their Control.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated N.H. Rev. Stat. § 358-C:3(V);

b)   Awarding Plaintiff statutory damages, pursuant to N.H. Rev. Stat. § 358-C:4, in the amount of $200.00 per violation;

c)   Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.H. Rev. Stat. § 358-C:4;

d)   Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

e)   Awarding such other and further relief as the Court may deem just and proper.

**COUNT IX**
**VIOLATION OF N.H. REV. STAT. § 358-A:2**
**[via RSA 358-C]**

65.     Plaintiff repeats and re-alleges each and every factual allegation above.

66.     Defendants violated N.H. Rev. Stat. § 358-A:2 by using an unfair method of competition or an unfair or deceptive act or practice in the conduct of any trade or commerce.

67.     Defendant's violations of RSA Chapter 358-C also constitute unfair and deceptive acts or practices within the meaning of RSA 358-A:2.  N.H. Rev. Stat. § 358-C:4(VI).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)   Adjudging that Defendants violated N.H. Rev. Stat. § 358-A:2;

b)   Awarding Plaintiff relief in the amount of actual damages or $1,000, whichever is greater, pursuant to N.H. Rev. Stat. § 358-A:10;

c)  Adjudging that the use of the method of competition or the act or practice was a willful or knowing violation of RSA Chapter 358-A;

d)  Awarding Plaintiff treble damages pursuant to N.H. Rev. Stat. § 358-A:10;

e)  Awarding Plaintiff injunctive relief, enjoining Defendant from continuing its violative behavior, pursuant to N.H. Rev. Stat. § 358-A:10;

f)  Awarding Plaintiff the costs of this suit and reasonable attorneys' fees incurred in this action, pursuant to N.H. Rev. Stat. § 358-A:10;

**COUNT X**
**VIOLATION OF N.H. REV. STAT. § 358-A:2**

68.     Plaintiff repeats and re-alleges each and every factual allegation above.

69.     Defendants knew that the Plaintiff was engaged in good faith efforts with BANA to resolve the disputes surrounding the debt.

70.     Defendant BANA is under an obligation to provide the plaintiff with a HAMP modification pursuant to Federal Regulation, and/or Attorney General Settlements, and/or Consent Decree, and/or Settlements with the Consumer Financial Protection Bureau, and/or as a result of their continued affirmative offers for assistance. See Exhibit A.

71.     Defendant BANA has caused a justified and reasonable expectation that foreclosure activity would be suspended on the debt, by engaging the Plaintiff in modification efforts, most recently as late as January 11, 2013.

72.     It is inherently unfair to continue to say on the one hand that the debt is being reviewed for modification, and to take steps towards the dispossession of property on the other hand.

73.     Defendant BANA is also engaged in unfair practices and deception by repeatedly requesting and re-requesting paperwork that has been provided and provided again.

74. Defendant BANA has engaged in this activity to pad their own revenues by keeping Plaintiff's loan in a constant state of default when it should be modified- all to the damage and detriment of the Plaintiff and benefit of the Defendants.

75. Such benefits to the Defendants in delaying and denying modifications are as follows:[1]

    a. Bank of America may be required to repurchase loans from the investor in order to permanently modify the loan.  This presents a substantial cost and loss of revenue that can be avoided by keeping the loan in a state of temporary modification or lingering default.

    b. The monthly service fee that Bank of America, as the servicer collects as to each loan it services in a pool of loans, is calculated as a fixed percentage of the unpaid principal balance of the loans in the pool. Consequently, modifying a loan to reduce the principal balance results in a lower monthly fee to the servicer.

    c. Fees that Bank of America charges borrowers that are in default constitute a significant source of revenue to the servicer. Aside from income Bank of America directly receives, late fees and "process management fees" are often added to the principal loan amount thereby increasing the unpaid balance in a pool of loans and increasing the amount of the servicer's monthly service fee.

    d. Entering into a permanent modification will often delay a servicer's ability to recover advances it is required to make to investors of the unpaid principal and interest payment of a non-performing loan. The servicer's right to recover expenses from an investor in a loan modification, rather than a foreclosure, is often less clear and less generous.

    e. Fixed overhead costs involved in successfully performing loan modifications involve up-front cost to the servicer for additional staffing, physical infrastructure, and expenses such as property valuation, credit reports and financing costs.

76. Defendant HPL is complicit in BANAs scheme, both under prinicpals of Agency Law and by proceeding blindly on with foreclosure auction with knowledge or reason to know of the good faith modification efforts underway.

77. These activities are outrageous and would raise an eyebrow even to someone

---

[1] Excerpted from the Complaint in Fraser v. Bank of America, U.S. Dist. Ct. EDMO, 4:10-cv-02400-AGF, Document 1, Page 3-4 (12/22/10) *citing* WHY SERVICERS FORECLOSE WHEN THEY SHOULD MODIFY AND OTHER PUZZLES OF SERVICER BEHAVIOR, Thompson, Diane E., National Consumer law Center (October 2009).

inured to the rough and tumble of the business world.

78.    These activities have the purpose and effect of depriving the plaintiff of his money and his property.

79.    These actives rise to the level of rascality that cannot be tolerated.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

g) Adjudging that Defendant violated N.H. Rev. Stat. § 358-A:2;

h) Awarding Plaintiff relief in the amount of actual damages or $1,000, whichever is greater, pursuant to N.H. Rev. Stat. § 358-A:10;

i) Adjudging that the use of the method of competition or the act or practice was a willful or knowing violation of RSA Chapter 358-A;

j) Awarding Plaintiff treble damages pursuant to N.H. Rev. Stat. § 358-A:10;

k) Awarding Plaintiff injunctive relief, enjoining Defendant from continuing its violative behavior, pursuant to N.H. Rev. Stat. § 358-A:10;

l) Awarding Plaintiff the costs of this suit and reasonable attorneys' fees incurred in this action, pursuant to N.H. Rev. Stat. § 358-A:10;

m) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and,

n) Awarding such other and further relief as the Court may deem just and proper.


**JURY TRIAL REQUESTED**


Respectfully submitted this 22nd day of January, 2013.

Respectfully submitted,
JOHN BURKE

By: /s/ John F. Skinner III
John F. Skinner III (NHBN: 19886)
Skinner Law PLLC
ATTORNEYS FOR PLAINTIFF
530 Chestnut Street, 3rd Floor
Manchester, NH 03101
(603) 622-8100
(888) 912-1497 fax
AttorneySkinner@gmail.com

1-22-2013